# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

Michael Barham,                    :
5819 5th Street NW,
Washington, D.C. 20011,            :

                                   :

John Crawford,                     :
1280 21st Street NW,
Washington, D.C. 20036,            :

                                   :

Freddie Moultrie,                  :
3446 Brinkley Road,
Temple Hills, MD 20748,            :

                                   :

Monica Smith,                      :          **CIVIL ACTION NO.:**
204 Pelican Garth,
Fort Washington, MD 20744,         :          **JURY TRIAL DEMANDED**

                                   :

Mark Spradley,                     :          **ECF CASE**
2 Wisconsin Circle,
Chevy Chase, MD 20815,             :

                                   :

Paul Watkins,                      :
9982 Royal Commerce Place,
Upper Marlboro, MD 20774,          :

                                   :

Sean Wintz,                        :
5001 Fillmore Avenue,
Alexandria, VA 22311               :

                                   :

            Plaintiffs             :

                                   :

        vs.                        :

                                   :

UBS FINANCIAL SERVICES, INC.,      :
1501 K Street NW
Washington, D.C. 20005             :

                                   :

            Defendant              :

                                   :

Joseph
    Greenwald
        & Laake

oseph, Greenwald & Laake, P.A.
404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

## COMPLAINT

Plaintiffs Michael Barham, John Crawford, Freddie Moultrie, Monica Smith, Mark Spradley, Paul Watkins and Sean Wintz, by and through their counsel of record, bring this Complaint (the "Complaint"), under 42 U.S.C. §1981, against Defendant UBS Financial Services, Inc. ("UBSFS"), and allege upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon the investigation made by and through their attorneys, as follows:

## I.  NATURE OF THE ACTION

1.       Plaintiffs bring this action stemming from racial segregation and discrimination they have faced as Financial Advisors or Financial Advisor Trainees (collectively, "Brokers") with Defendant UBSFS.  Plaintiffs were hired into a company which had very few African American brokers or supervisors. They were each assigned or steered to a newly opened office in Largo, Maryland (the "Largo Diversity Office"), staffed nearly entirely by African American Brokers, and established specifically to market UBSFS's services to the African American community in Prince Georges County. The office was referred to as the "diversity office" and contained more African American Brokers than any other UBSFS branch office in the United States. In contrast to UBSFS offices staffed primarily by Caucasian Brokers, most of the Largo Brokers were either new to the financial services business or new to UBSFS. In contrast to UBSFS offices staffed primarily by Caucasian Brokers, the supervisors assigned to the Largo Diversity Office had little or no managerial experience. Further, the level of technical and support services routinely provided to UBSFS offices staffed primarily by Caucasian Brokers were not made available to the Largo Diversity Office. Due to the above

**Joseph**
**Greenwald**
**& Laake**

Joseph, Greenwald & Laake, P.A.
5404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

301) 220-2200  •  Fax 220-1214

factors, the Largo Diversity Office was destined to fail. It was closed by UBSFS and most of its African American Brokers were dismissed. A few of the Plaintiffs were allowed to transfer to UBSFS's Washington, D.C. branch office (the "DC Office") where Defendant's discriminatory conduct continued. All of the Plaintiffs left or were ultimately forced to leave UBSFS.

## II. <u>PARTIES</u>

2.      Plaintiff Michael Barham is an African American male citizen and a resident of Washington, D.C. He presently resides at 5819 5th Street NW, Washington, D.C. 20011. Mr. Barham was employed by UBSFS as a Financial Advisor at the Largo Diversity Office from September 9, 2002, until it closed in June 2003, and then at the DC Office until on or about December 20, 2003, when he was terminated.

3.      Plaintiff John Crawford is an African American male citizen and a resident of Washington, D.C. He presently resides at 1280 21st Street NW, Washington, D.C., 20036. Mr. Crawford was employed by UBSFS as a Financial Advisor at the Largo Diversity Office from on or about January 16, 2001, until he was terminated on or about May 9, 2003.

4.      Plaintiff Freddie Moultrie is an African American male citizen and a resident of the State of Maryland. He presently resides at 3446 Brinkley Road, Temple Hills, MD 20748. Mr. Moultrie was employed by UBSFS as a Financial Advisor Trainee on or about September 5, 2000, and worked at the Largo Diversity Office from approximately January 2001 until he was compelled to resign as a result of the conditions described herein in approximately January 2003.

5.      Plaintiff Monica Smith is an African American female citizen and a resident of the State of Maryland. She presently resides at 204 Pelican Garth, Fort Washington, MD

Joseph
Greenwald
& Laake

oseph, Greenwald & Laake, P.A.
404 Ivy Lane   •   Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

20744. Ms. Smith was employed by UBSFS as a Financial Advisor at the Largo Diversity Office from on or about December 27, 2000, through April 2002, when she was compelled to resign as a result of the conditions described herein.

6.      Plaintiff Mark Spradley is an African American male citizen and a resident of the State of Maryland. He presently resides at 2 Wisconsin Circle, Chevy Chase, MD 20815. Mr. Spradley was initially employed by UBSFS as a Financial Advisor on or about November 24, 1999. He worked in the Largo Diversity Office from approximately March 2001 until it closed in approximately June 2003 and then at the DC Office until approximately October 2004, when he transferred to another UBSFS office due to the conditions described herein. Mr. Spradley left the employ of UBSFS in approximately August 2005.

7.      Plaintiff Paul Watkins is an African American male citizen and a resident of the State of Maryland. He presently resides at 9982 Royal Commerce Place, Upper Marlborough, MD 20774. Mr. Watkins was employed by UBSFS as a Financial Advisor Trainee at the Largo Diversity Office from on or about June 4, 2001, until approximately December 2002, when he resigned due to the conditions described herein.

8.      Plaintiff Sean Wintz is an African-American male citizen and a resident of the State of Virginia. He presently resides at 5001 Fillmore Avenue, Alexandria, Virginia 22311. Mr. Wintz began employment at UBSFS in approximately March 2000 and was employed at the Largo Diversity Office as a Financial Advisor Trainee from approximately December 2000 until the office closed in approximately June 2003.

9.      Defendant UBS Financial Services, Inc. ("UBSFS"), is a corporation doing substantial business in the District of Columbia, including at the DC Office, located at 1501 K Street NW, Washington D.C. 20005. UBSFS is a financial services and investment services

Joseph
Greenwald
& Laake

oseph, Greenwald & Laake, P.A.
404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770
301) 220-2200 • Fax 220-1214

firm that employs approximately 27,000 individuals in the United States. For purposes of this Complaint, the term "UBSFS" includes UBS Financial Services, Inc., and its predecessors, including Paine Webber, Inc.

## III.  JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

11.    Venue is proper in this District pursuant to 42 U.S.C. 2000e-5(f)(3) and 28 U.S.C. § 1391(b), in that the unlawful employment practices giving rise to this action occurred in this District, and either (i) the employment records relevant to such practices are maintained and administered in this District, or (ii) the aggrieved persons would have worked in this District but for the unlawful employment practices.

## IV.  COMMON ALLEGATIONS

12.    UBSFS is part of the UBS Warburg group, a subsidiary of UBS AG, one of the largest financial services firms in the world. UBS Warburg acquired Paine Webber, Inc., on November 3, 2000, which, after various name changes, is now known as UBSFS.

13.    UBSFS is a worldwide financial services organization with business groups offering retail brokerage and asset management services, among others, throughout the United States.

14.    In the United States, UBSFS provides these services through a network of branch offices each managed by a branch office manager ("BOM"), and staffed with Brokers and other personnel.

15.    Brokers at UBSFS range from entry-level Financial Advisor Trainees to seasoned Financial Advisors with corporate titles. Generally, a Broker receives a base salary

Joseph
Greenwald
& Laake

oseph, Greenwald & Laake, P.A.
·404 Ivy Lane  •  Suite 400
reenbelt, Maryland 20770

301) 220-2200  •  Fax 220-1214

for a limited period of time, usually for the first twelve months of his/her employment, then transitions to commission-only system. That commission only system also provides for eligibility to receive a bonus and/or a forgivable loan. Once the commission only system is in place, the Brokers are entirely dependent on their sales to make a living.

16.     Securing opportunities to do business is an essential factor in a Broker's success. Access to high wealth clients or large accounts provide significant opportunities for a Broker to generate business and thereby compensation. Without these opportunities and connections, Brokers are left to make "cold calls" for potential new business. The rate of success on these "cold calls" is significantly less than the success realized from following up on leads and connections to current and potential high wealth clients and large accounts.

17.     Training or mentoring from a seasoned Broker provides a new Broker (especially a Trainee) with access to an established client network and revenue source. Such training and mentoring is essential to the new Broker's success. A partnership with a senior Financial Advisor allows a new Broker to remain afloat financially while gaining a foothold in the industry. Training sessions are also essential to a new Broker's success by, *inter alia,* allowing the new Broker to learn about the industry and products faster and more effectively which, in turn, facilitates the growth of the Broker's clientele and book of business.

18.     Business resources and administrative support in the form of Client Service Associates, Series 8 license holders and supervisory personnel, among others, are essential to a Broker being able to conduct business. Certain transactions can be executed only by a CSA, and a number of daily transactions critical to the operation of the office and the Broker's business must be approved by a Series 8 holder prior to execution. These resources facilitate a Broker's ability to communicate with clients and prospective clients, thereby building these

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

relationships, and executing and completing transactions on a timely basis. Brokers can quickly lose the trust of their clients and the client's business if such transactions are not completed on a timely basis.

19.     At UBSFS, when a Broker leaves, the BOM decides which of the departing Broker's accounts will be assigned to which Broker in the branch office over which they have control. The BOM decides which training sessions and partnerships will be available to Brokers in the branch office. The BOM (and, as appropriate, supervisors) determines the level of support that is provided to Brokers in the office. In sum, the branch office managers have the ability to make or break the success of the Brokers.

20.     The allegations herein center around two UBSFS offices: the Largo Diversity Office which was opened in approximately November 2000 and the larger DC Office which managed the Largo Diversity Office and all aspects of its operations.

21.     Rather than hire and integrate more African-Americans into its existing branch office network, UBSFS decided to create the Largo Diversity Office as a separate "ethnic" office to garner business from "ethnic" clients. Despite its poor historical record in recruiting African American Brokers, Defendant recruited and staffed the Largo Diversity Office predominantly with African American Brokers. The underlying premise of the office was that African American Brokers were best suited to attract African American clients, while Caucasian Brokers were best suited to attract Caucasian clients. The Largo Diversity Office was created to put that theory into practice.

22.     The Largo Diversity Office was initially proposed by Coe Magruder, BOM of the DC Branch and final approval was given by Mr. Magruder's supervisors, Division Manager Bill Kennedy, whose office was located in Weehawken, New Jersey, and Regional

Joseph
Greenwald
& Laake

oseph, Greenwald & Laake, P.A.
404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

7

Director Ray McClure, whose office was located in Washington, D.C. UBSFS was responsible for approving and leasing office space for the new office.

23.     An African American Broker at the DC Office, Bradford Carson, who had no previous management experience at UBSFS, was appointed as "resident manager" of the Largo Diversity Office and directed to focus on generating business from the sizeable African-American population in surrounding Prince Georges County. As an incentive for this appointment, UBSFS promised to Mr. Carson that the Largo Diversity Office would be his to manage and would receive adequate support and funding to make the office a success. In reality, Mr. Carson was given little independent authority. Instead, the Largo Diversity Office was "complexed" into the DC Office and all significant decisions regarding hiring, firing, managing and financing of the new office were made, approved and/or imposed by management in the DC Office.

24.     African American Brokers, including Plaintiffs, were recruited for and steered to the Largo Diversity Office by design. Approximately nineteen (19) of the twenty-five (25) Brokers in the Largo Diversity Office were African American. UBSFS represented to the African American Brokers it recruited to staff the Largo Diversity Office that it presented a significant opportunity for business growth.

25.     UBSFS designated Mr. Carson as a "producing manager", which was inconsistent with its practice of designating a producing manager only for smaller offices. A "producing manager" is one who is responsible not just to manage the office but to engage in sales activities and maintain his or her own book of business. As a result of this designation, Mr. Carson was unable to devote adequate time to manage, train and advise his staff of new Brokers. UBSFS did not provide "producing managers" for similarly situated offices staffed

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
404 Ivy Lane   •   Suite 400
Greenbelt, Maryland 20770

301) 220-2200  •  Fax 220-1214

8

primarily by Caucasian brokers. Nor did such offices have such concentrations of new

Brokers combined with supervisors with little or no management experience.

26.    For significant periods of time, Mr. Carson was also the only individual

assigned to the Largo Diversity Office with a NASD Series 8 license, meaning that he was the

only individual who was authorized to open accounts and approve certain securities

transactions before the transactions could be finalized. When Mr. Carson was not in the

office, UBSFS failed to provide for adequate backup to allow timely approval of such

transactions by a Series 8 license holder.  Paperwork and transactions were often sent to the

DC Office for processing or approval. At the same time, UBSFS refused to activate the

authorization on a Series 8 license holder who was assigned to and working out of the Largo

Diversity Office. The circumstances resulted in delayed transaction approvals, lost

transactions, lost business, lost commissions, and lost opportunities for the Brokers at the

Largo Diversity Office. Similarly situated offices staffed primarily by Caucasian Brokers had

adequate coverage by Series 8 license holders.

27.    The Largo Diversity Office Brokers consistently received less support staff,

training, and resources than were provided to similarly situated offices staffed primarily by

Caucasian Brokers. This directly and adversely affected their ability to attract new clients,

assist and retain existing clients, grow their books of business and receive fair and adequate

compensation for their work under the commission system.

28.    UBSFS  often failed to inform Largo Diversity Office Brokers of UBSFS

marketing and promotional activities and training seminars taking place in and around the

Washington, D.C., market area such that the Largo Diversity Office Brokers were effectively

excluded from such promotional events, marketing strategy sessions, meetings and seminars

Joseph
Greenwald
& Laake

oseph, Greenwald & Laake, P.A.
i404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

that similarly situated offices staffed primarily by Caucasian Brokers were allowed to participate in and which are essential to the success of a Broker.

29.    UBSFS staffed the Largo Diversity Office predominantly with new Brokers, but failed to assign to the office an adequate number of personnel to assist and train them and failed to provide adequate mentoring and training opportunities that were available to similarly situated offices staffed with Caucasian Brokers.

30.    UBSFS failed to assign an adequate number of Client Service Associates ("CSA's") to the Largo Diversity Office to assist the Brokers in carrying out their business. Such CSAs in adequate numbers were routinely provided to similarly situated offices staffed primarily by Caucasian Brokers. The result was an office infrastructure that was incapable of supporting the Brokers' needs to conduct business in a proper and timely manner.

31.    UBSFS failed to provide the Largo Diversity Office with adequate marketing funds, given the nature and size of the office. As a result, the Brokers often had to pay out of their own pockets to attend or conduct promotional events. The absence of adequate marketing funds severely undermined the ability of Largo Brokers to generate new business. Similarly situated offices staffed primarily by Caucasian Brokers were not treated in this fashion, and were provided with funds for marketing.

32.    UBSFS excluded the Largo Diversity Office Brokers in critical weekly teleconference calls with Brokers in the DC Office and the Arlington, Virginia, office. Such calls were routinely held and were designed to discuss new marketing plans, wealth management strategies, new products and developments within the company or in the market that would assist Brokers in conducting their business.

Joseph
Greenwald
& Laake

oseph, Greenwald & Laake, P.A.
404 Ivy Lane • Suite 400
reenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

10

33.    In approximately April 2003, Mr. Magruder informed the Largo Brokers that UBSFS was fully committed to the office, that rumors to the contrary were false, and that the office would not close.  Approximately one month later, Mr. Magruder returned to the Largo Diversity Office and announced that UBSFS was permanently closing the office effective June 2003. Some of the Largo Brokers were terminated on or around the time of the office closing, including Plaintiffs Crawford, Moultrie, and Wintz. Plaintiffs Barham and Spradley were allowed to transferred to the Washington DC office.

34.    After the Largo Diversity Office closed, racially discriminatory policies and practices directed at Plaintiffs Barham and Spradley were perpetuated at the DC Office.

35.    Plaintiffs Barham and Spradley continued to suffer from the stigma of being labeled as Brokers who had worked in the Largo Diversity Office. They were perceived and treated as second-class Brokers.

36.    For a period of time after the transfer, Plaintiffs Barham and Spradley were subjected to segregated weekly Broker meetings: one meeting for Caucasian Brokers and one meeting for African American Brokers.

37.    Plaintiffs Barham and Spradley were told that they would have to go to the back of the lunch line at mid-day office functions under the pretense that it was an industry practice that the "higher producing" Brokers had first choice at the luncheon table.  Not coincidentally, the higher producing Brokers were Caucasian.

38.    Plaintiffs Barham and Spradley were excluded from sharing leads on new lucrative accounts that were distributed to Caucasian Brokers. They received fewer leads on new accounts and the leads they did receive were either on potential accounts involving African American clients, and/or accounts with minimal earnings potential. These latter

Joseph
Greenwald
& Laake

oseph, Greenwald & Laake, P.A.
i404 Ivy Lane   •   Suite 400
Greenbelt, Maryland 20770

301) 220-2200  •  Fax 220-1214

11

accounts required an inordinate amount of time to address, thus leaving less time to attract, grow and manage larger, more lucrative clients.

39.    Plaintiffs Barham and Spradley were denied access to or use of DC Office facilities that were used by similarly situated Caucasian Brokers in the same office.

40.    Caucasian supervisors and Brokers in the DC Office used racial epithets and slurs to describe the African American clerical staff who worked in an area of the office known as "the cage." These epithets and slurs included the use of the word "nigger" and references to African American employees as "apes," "gorillas" and "monkeys."

41.    The employees uttering these epithets and slurs were not disciplined by UBSFS despite the knowledge, acquiescence and participation in by DC Office supervisors in such conduct.

42.    Plaintiff Spradley overheard and/or was aware that such epithets and slurs were made toward his African American co-workers. Plaintiff Spradley was aware that management participated in such conduct and/or refused to take disciplinary action to stop the conduct.

**COUNT I**
**THE CIVIL RIGHTS ACT OF 1866**
**42 U.S.C. § 1981**
**<u>Michael Barham</u>**

43.    Plaintiff Barham restates the allegations in paragraphs 1-2 and 12 through 42, as if fully set forth herein.

44.    Plaintiff Barham was denied the enjoyment of all benefits, privileges, terms and conditions of the employment relationship with UBSFS while at the Largo and DC Offices in violation of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981.

Joseph
Greenwald
& Laake

oseph, Greenwald & Laake, P.A.
404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

12

45.     UBSFS has discriminated against Plaintiff Barham by denying him the same rights as enjoyed by Caucasian employees with regard to:

    a.     Being assigned to a job at the Largo Diversity Office on the basis of race;

    b.     Being placed in the Largo Diversity Office which was segregated on the basis of race;

    c.     Being denied resources, support and career opportunities on the basis of race at the Largo Diversity Office and the DC Office which were provided to similarly situated Caucasian Brokers;

    d     Being subjected to a racially hostile work environment at the DC Office.

46.     UBSFS's conduct has been intentional, deliberate, willful and conducted in callous disregard of Plaintiff Barham's rights under the law.

47.     The unequal treatment received by Plaintiff Barham at the hands of UBSFS ultimately resulted in the termination of Plaintiff Barham's employment by UBSFS.

48.     By virtue of UBSFS's conduct as alleged herein, Plaintiff Barham has been injured.

## COUNT II
## THE CIVIL RIGHTS ACT OF 1866
## 42 U.S.C. § 1981
## John Crawford

49.     Plaintiff Crawford restates the allegations in paragraphs 1, 3 and 12 through 33, as if fully set forth herein.

**Joseph**
   **Greenwald**
     **& Laake**

Joseph, Greenwald & Laake, P.A.
5404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

13

50.     Plaintiff Crawford was denied the enjoyment of all benefits, privileges, terms and conditions of the employment relationship with UBSFS while at the Largo Diversity Office in violation of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981.

51.     UBSFS has discriminated against Plaintiff Crawford by denying him the same rights as enjoyed by Caucasian employees with regard to:

    a.     Being assigned to a job at the Largo Diversity Office on the basis of race;

    b.     Being placed in the Largo Diversity Office which was segregated on the basis of race;

    c.     Being denied resources, support and career opportunities on the basis of race at the Largo Diversity Office which were provided to similarly situated Caucasian Brokers.

52.     UBSFS's conduct has been intentional, deliberate, willful and conducted in callous disregard of Plaintiff Crawford's rights under the law.

53.     The unequal treatment received by Plaintiff Crawford at the hands of UBSFS ultimately led to the termination of Plaintiff Crawford's employment relationship with UBSFS.

54.     By virtue of UBSFS's conduct as alleged herein, Plaintiff Crawford been injured.

**Joseph**
**Greenwald**
**& Laake**

oseph, Greenwald & Laake, P.A.
i404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

14

## COUNT III
## THE CIVIL RIGHTS ACT OF 1866
### 42 U.S.C. § 1981
### <u>Freddie Moultrie</u>

55.    Plaintiff Moultrie restates the allegations in paragraphs 1, 4 and 12 through 33, as if fully set forth herein.

56.    Plaintiff Moultrie was denied the enjoyment of all benefits, privileges, terms and conditions of the employment relationship with UBSFS while at the Largo Diversity Office in violation of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981.

57.    UBSFS has discriminated against Plaintiff Moultrie by denying him the same rights as enjoyed by Caucasian employees with regard to:

    a.    Being assigned to a job at the Largo Diversity Office on the basis of race,

    b.    Being placed in the Largo Diversity Office which was segregated on the basis of race;

    c.    Being denied resources, support and career opportunities on the basis of race at the Largo Diversity Office which were provided to similarly situated Caucasian Brokers.

58.    UBSFS's conduct has been intentional, deliberate, willful and conducted in callous disregard of Plaintiff Moultrie's rights under the law.

59.    The unequal treatment received by Plaintiff Moultrie at the hands of UBSFS ultimately led to the termination of Plaintiff Moultrie's employment relationship with UBSFS.

By virtue of UBSFS's conduct as alleged herein, Plaintiff Moultrie has been injured.

Joseph
Greenwald
& Laake

oseph, Greenwald & Laake, P.A.
i404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

15

## COUNT IV
## THE CIVIL RIGHTS ACT OF 1866
### 42 U.S.C. § 1981
### Monica Smith

60.     Plaintiff Smith restates the allegations in paragraphs 1, 5 and 12 through 33, as if fully set forth herein.

61.     Plaintiff Smith was denied the enjoyment of all benefits, privileges, terms and conditions of the employment relationship with UBSFS while at the Largo Diversity Office in violation of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981.

62.     UBSFS has discriminated against Plaintiff Smith by denying her the same rights as enjoyed by Caucasian employees with regard to:

a       Being assigned to a job at the Largo Diversity Office on the basis of race,

b       Being placed in the Largo Diversity Office which was segregated on the basis of race;

c       Being denied resources, support and career opportunities on the basis of race at the Largo Diversity Office which were provided to similarly situated Caucasian Brokers.

63.     UBSFS's conduct has been intentional, deliberate, willful and conducted in callous disregard of Plaintiff Smith's rights under the law.

64.     The unequal treatment received by Plaintiff Smith at the hands of UBSFS ultimately resulted in the termination of Plaintiff Smith's employment by UBSFS.

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

16

65.     By virtue of UBSFS's conduct as alleged herein, Plaintiff Smith has been injured.

## COUNT V
## THE CIVIL RIGHTS ACT OF 1866
## 42 U.S.C. § 1981
### Mark Spradley

66.     Plaintiff Spradley restates the allegations in paragraphs 1, 6 and 12 through 43, as if fully set forth herein.

67.     In or about October 2001, Mr. Spradley applied for entry into the UBSFS Management Development Program (MDP). The MDP is a program for training high potential individuals for placement in supervisory or management positions.

68.     Mr. Spradley met all UBSFS qualifications for admittance into the MDP. However, he was denied the opportunity given to similarly situated Caucasian employees to participate in the one day evaluation to determine whether he would be chosen for the MDP program.

69.     During the same period in which Mr. Spradley sought and was denied entry into the MDP, UBSFS admitted similarly situated Caucasian employees into the MDP and promoted less-qualified Caucasian Brokers into supervisory or management positions.

70.     Plaintiff Spradley was denied the enjoyment of all benefits, privileges, terms and conditions of the employment relationship with UBSFS in violation of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981.

71.     UBSFS has discriminated against Plaintiff Spradley by denying him the same rights as enjoyed by Caucasian employees with regard to:

**Joseph**
**Greenwald**
**& Laake**

oseph, Greenwald & Laake, P.A.
i404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

301) 220-2200  •  Fax 220-1214

17

a.  Being assigned to a job at the Largo Diversity Office on the basis of race;

b.  Being placed in the Largo Diversity Office which was segregated on the basis of race;

c.  Being denied resources, support and career opportunities at the Largo Diversity Office and the DC Office on the basis of race which were provided to similarly situated Caucasian Brokers;

d.  Being subjected to a racially hostile work environment at the DC Office;

e.  Being denial access to the MDP on the basis of race.

72.  UBSFS's conduct has been intentional, deliberate, willful and conducted in callous disregard of Plaintiff Spradley's rights under the law.

73.  The unequal treatment received by Plaintiff Spradley at the hands of UBSFS ultimately resulted in the termination of Plaintiff Spradley's employment by UBSFS.

74.  By virtue of UBSFS's conduct as alleged herein, Plaintiff Spradley has been injured.

**COUNT VI**
**THE CIVIL RIGHTS ACT OF 1866**
**42 U.S.C. § 1981**
**<u>Paul Watkins</u>**

75.  Plaintiff Watkins restates the allegations in paragraphs 1, 7 and 12 through 33, as if fully set forth herein.

Joseph
   Greenwald
   & Laake

oseph, Greenwald & Laake, P.A.
404 Ivy Lane  •  Suite 400
ireenbelt, Maryland 20770

J01) 220-2200 • Fax 220-1214

18

76.     Plaintiff Watkins was denied the enjoyment of all benefits, privileges, terms and conditions of the employment relationship with UBSFS in violation of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981.

77.     UBSFS has discriminated against Plaintiff Watkins by denying him the same rights as enjoyed by Caucasian employees with regard to:

     a.    Being assigned to a job at the Largo Diversity Office on the basis of race;

     b.    Being placed in the Largo Diversity Office which was segregated on the basis of race;

     c.    Being denied resources, support and career opportunities on the basis of race at the Largo Diversity Office which were provided to similarly situated Caucasian Brokers.

78.     UBSFS's conduct has been intentional, deliberate, willful and conducted in callous disregard of Plaintiff Watkins' rights under the law.

79.     The unequal treatment received by Plaintiff Watkins at the hands of UBSFS ultimately led to the termination of Plaintiff Watkins' employment by UBSFS.

80.     By virtue of UBSFS's conduct as alleged herein, Plaintiff Watkins has been injured.

**COUNT VII**
**THE CIVIL RIGHTS ACT OF 1866**
**42 U.S.C. § 1981**
**<u>Sean Wintz</u>**

81.     Plaintiff Wintz restates the allegations in paragraphs 1, 8 and 12 through 33, as if fully set forth herein.

Joseph
Greenwald
& Laake

oseph, Greenwald & Laake, P.A.
i404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214

82.     Plaintiff Wintz was denied the enjoyment of all benefits, privileges, terms and conditions of the employment relationship with UBSFS in violation of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981.

83.     UBSFS has discriminated against Plaintiff Wintz by denying him the same rights as enjoyed by Caucasian employees with regard to:

      a.    Being assigned to a job at the Largo Diversity Office on the basis of race;

      b.    Being placed in the Largo Diversity Office which was segregated on the basis of race;

      c.    Being denied resources, support and career opportunities on the basis of race at the Largo Diversity Office which were provided to similarly situated Caucasian Brokers.

84.     UBSFS's conduct has been intentional, deliberate, willful and conducted in callous disregard of Plaintiff Wintz's rights under the law.

85.     The unequal treatment received by Plaintiff Wintz at the hands of UBSFS ultimately led to the termination of Plaintiff Wintz's employment by UBSFS.

86.     By virtue of UBSFS's conduct as alleged herein, Plaintiff Wintz has been injured.

## VIII.  JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court enter an order:

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

(301) 220-2200  •  Fax 220-1214

A.    Adjudicating and declaring that UBSFS's conduct as set forth above is in violation of 42 U.S.C. § 1981;

B.    Awarding Plaintiffs such equitable remedies, including, without limitation, back pay and front pay, necessary to provide the Plaintiffs with full equitable relief from the discrimination and segregation they have suffered;

C.    Awarding Plaintiffs compensatory damages justified under the circumstances;

D.    Awarding the Plaintiffs punitive damages justified under the circumstances;

E.    Awarding attorneys' fees and reimbursement of costs associated with this action to counsel for Plaintiffs pursuant to 42 USC 1988;

F.    Awarding Plaintiffs such other and further equitable or legal relief as may be appropriate in the interest of justice.

Dated: May 8, 2007

JOSEPH, GREENWALD & LAAKE, P.A.
Steven M. Pavsner Bar # 912220
Brian J. Markovitz Bar #481517
6404 Ivy Lane, Suite 400
Greenbelt, Maryland  20770
Tel:   (301) 220 2200
Fax:  (301) 220 1214


BERGER & MONTAGUE, P.C.
Stephen A. Whinston
Shanon Carson
Keino R. Robinson
Selim Ablo
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875 3000
Fax: (215) 875 4604

**Joseph**
**Greenwald**
**& Laake**

oseph, Greenwald & Laake, P.A.
i404 Ivy Lane   •   Suite 400
Greenbelt, Maryland 20770

301) 220-2200 • Fax 220-1214                    21

GARWIN, GERSTEIN & FISHER, L.L.P.
Bruce E. Gerstein (BEG 2726)
Brett Cebulash (BC 0044)
Archana Tamoshunas (AT 3935)
1501 Broadway, Suite 1416
New York, NY 10036
Tel:    (212) 398 0055
Fax:   (212) 764-6620

THE AUBERTINE LAW FIRM
Andrew Aubertine
1211 SW Sixth Avenue
Portland, Oregon 97204
Tel: (503) 221-4570
Fax: (503) 221-4590

Attorneys for Plaintiffs

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

Michael Barham,                                         :
5819 5th Street NW,                           :
Washington, D.C. 20011,                                 :
                                                        :
                                                        :
John Crawford,                                          :
1280 21st Street NW,                          :
Washington, D.C. 20036,                                 :
                                                        :
                                                        :
Freddie Moultrie,                                       :
3446 Brinkley Road,                                     :
Temple Hills, MD 20748,                                 :
                                                        :
                                                        :
Monica Smith,                                           :        **CIVIL ACTION NO.:**
204 Pelican Garth,                                      :
Fort Washington, MD 20744,                              :        **JURY TRIAL DEMANDED**
                                                        :
                                                        :
Mark Spradley,                                          :
2 Wisconsin Circle,                                     :        **ECF CASE**
Chevy Chase, MD 20815,                                  :
                                                        :
                                                        :
Paul Watkins,                                           :
9982 Royal Commerce Place,                              :
Upper Marlboro, MD 20774,                               :
                                                        :
                                                        :
Sean Wintz,                                             :
5001 Fillmore Avenue,                                   :
Alexandria, VA 22311                                    :
                                                        :
                    Plaintiffs                          :
                                                        :
            vs.                                         :
                                                        :
UBS FINANCIAL SERVICES, INC.,                           :
1501 K Street NW                                        :
Washington, D.C. 20005                                  :
                                                        :
                    Defendant                           :
                                                        :

**Joseph**
**Greenwald**
**& Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

23

## LINE

Please issue a Summons for the Defendant, UBS Financial Services, Inc., in the

above-captioned action and return to the undersigned for service by private process.

JOSEPH, GREENWALD & LAAKE, P.A.
Steven M. Pavsner Bar # 912220
Brian J. Markovitz Bar #481517
6404 Ivy Lane, Suite 400
Greenbelt, Maryland  20770
Tel:   (301) 220 2200
Fax:   (301) 220 1214

BERGER & MONTAGUE, P.C.
Stephen A. Whinston
Shanon Carson
Keino R. Robinson
Selim Ablo
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875 3000
Fax: (215) 875 4604

GARWIN, GERSTEIN & FISHER, L.L.P.
Bruce E. Gerstein (BEG 2726)
Brett Cebulash (BC 0044)
Archana Tamoshunas (AT 3935)
1501 Broadway, Suite 1416
New York, NY 10036
Tel:   (212) 398 0055
Fax:   (212) 764-6620

THE AUBERTINE LAW FIRM
Andrew Aubertine
1211 SW Sixth Avenue
Portland, Oregon 97204
Tel: (503) 221-4570
Fax: (503) 221-4590

Attorneys for Plaintiffs

Joseph
Greenwald
& Laake

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane  •  Suite 400
Greenbelt, Maryland 20770

(301) 220-2200 • Fax 220-1214

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Michael Barham, John Crawford, Freddie Moutrie, Monica Smith, Mark Spadley, Paul Watkins and Sean Witz | UBS Financial Services, Inc. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     Washington D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)     11001

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT     Washington D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Steven M. Pavsner, Esquire
Brian J. Markovitz, Esquire
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
W (301) 220-2200

Case: 1:07-cv-00853
Assigned To : Urbina, Ricardo M.
Assign. Date : 5/8/2007
Description: Employ. Discrim.

JURY ACTION

### II. BASIS OF JURISDICTION
(PLACE an x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

◉ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government
Defendant

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

①

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. Section 1981, race discrimination

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ [_____]   Check YES only if demanded in complaint   JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒  If yes, please complete related case form.

DATE 5/8/07   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

