UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL BARHAM, JOHN CRAWFORD, FREDDIE MOULTRIE, MONICA SMITH, MARK SPRADLEY, PAUL WATKINS, and SEAN WINTZ,<br><br>Plaintiffs,<br><br>v.<br><br>UBS FINANCIAL SERVICES INC.,<br><br>Defendant. | Civil No. 07-CV-00853-RMU |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant UBS Financial Services Inc. (hereinafter, "defendant" or "UBSFS") answers the complaint as follows:

### I.   NATURE OF THE ACTION

1. Defendant denies the allegations of paragraph 1 of the complaint, except defendant admits that each of the plaintiffs worked in defendant's branch office in Largo, Maryland, that defendant eventually closed the Largo Branch Office and that the none of the plaintiffs is currently employed by defendant.

### II.   PARTIES

2. Defendant denies the allegations of paragraph 2 of the complaint, except defendant admits that Plaintiff Michael Barham is an African-American male who was employed by UBSFS from September 9, 2002 until December 18, 2003. Defendant lacks sufficient knowledge or information to form a belief as to the present location of plaintiff Barham's residence.

3. Defendant denies the allegations of paragraph 3 of the complaint, except defendant admits that Plaintiff John Crawford is an African-American male who was employed by UBSFS from January 16, 2001 to May 9, 2003. Defendant lacks sufficient knowledge or information to form a belief as to the present location of plaintiff Crawford's residence.

4. Defendant denies the allegations of paragraph 4 of the complaint, except defendant admits that Plaintiff Freddie Moultrie is an African-American male who was employed by UBSFS from September 5, 2000 to January 27, 2003. Defendant lacks sufficient knowledge or information to form a belief as to the present location of plaintiff Moultrie's residence.

5. Defendant denies the allegations of paragraph 5 of the complaint, except defendant admits that Plaintiff Monica Smith is an African-American female who was employed by UBSFS from December 27, 2001 to April 25, 2002. Defendant lacks sufficient knowledge or information to form a belief as to the present location of plaintiff Smith's residence

6. Defendant denies the allegations of paragraph 6 of the complaint, except defendant admits that Plaintiff Mark Spradley is an African-American male who was employed by UBSFS from November 24, 1999 to August 25, 2005. Defendant lacks sufficient knowledge or information to form a belief as to the present location of plaintiff Spradley's residence.

7. Defendant denies the allegations of paragraph 7 of the complaint, except defendant admits that Plaintiff Paul Watkins is an African-American male who was employed by UBSFS from June 4, 2001 to December 12, 2002. Defendant lacks sufficient knowledge or information to form a belief as to the present location of plaintiff Watkins' residence.

8. Defendant denies the allegations of paragraph 8 of the complaint, except defendant admits that Plaintiff Sean Wintz is an African-American male who was employed by

UBSFS from March 21, 2000 to May 9, 2003. Defendant lacks sufficient knowledge or information to form a belief as to the present location of plaintiff Wintz's residence.

9. Defendant denies the allegations of paragraph 9 of the complaint, except that defendant admits that UBSFS is a financial services and investment services firm that is incorporated under the laws of the State of Delaware and that defendant has an office located at 1501 K Street, N.W., Washington, D.C.

### III.   JURISDICTION AND VENUE

10. Defendant admits the allegations of paragraph 10 of the complaint.

11. Defendant denies the allegations of paragraph 11 of the complaint, except that defendant admits the District of Columbia is one of the judicial districts in which venue for this action is proper under 28 U.S.C. §1391.

### IV.   COMMON ALLEGATIONS

12. Defendant denies the allegations of paragraph 12 of the complaint, but admits that UBSFS is an indirect subsidiary of UBS AG, which acquired PaineWebber Incorporated on or about November 3, 2000.

13. Defendant denies the allegations of paragraph 13 of the complaint, but admits that UBSFS is a financial services business operating in the United States and offering retail brokerage and asset management services.

14. Defendant denies the allegations of paragraph 14 of the complaint, except defendant admits that it provides retail brokerage and asset management services in part through a network of branch offices.

15. Defendant denies the allegations of paragraph 15 of the complaint, except defendant admits that the experience of Financial Advisors at UBSFS varies.

16. Defendant denies the allegations of paragraph 16 of the complaint.

17. Defendant denies the allegations of paragraph 17 of the complaint.

18. Defendant denies the allegations of paragraph 18 of the complaint, except defendant admits that certain transactions must be approved by a Series 8 license holder prior to execution and that most clients expect Financial Advisors to complete transactions in a timely manner.

19. Defendant denies the allegations of paragraph 19 of the complaint.

20. Defendant denies the allegations of paragraph 20 of the complaint, except defendant admits that the allegations in Plaintiffs' complaint focus on the Largo, Maryland Branch Office.

21. Defendant denies the allegations of paragraph 21 of the complaint, except defendant admits that the majority of Financial Advisors at UBSFS' Largo Branch Office were African American.

22. Defendant denies the allegations of paragraph 22 of the complaint, except defendant admits that Coe Magruder initially proposed opening a branch office in Largo, Maryland, that Bill Kennedy approved the decision to open the branch office and that Kennedy's office was located in Weehawken, New Jersey.

23. Defendant denies the allegations of paragraph 23 of the complaint, except defendant admits that Brad Carson is African American and that he was a Financial Advisor at the UBSFS Washington, D.C. Branch Office at the time he was appointed the Resident Branch Manager of the UBSFS Largo Branch Office.

24. Defendant denies the allegations of paragraph 24 of the complaint, except defendant admits that UBSFS believed that the Largo Branch Office offered a significant opportunity for business growth.

25. Defendant denies the allegations of paragraph 25 of the complaint, except defendant admits that UBSFS designated Mr. Carson as a "producing manager" at the Largo Branch Office and that a "producing manager" is responsible for managing the office as well as maintaining his or her own book of business.

26. Defendant denies the allegations of paragraph 26 of the complaint, except that for approximately one-year Mr. Carson was the only individual assigned to the Largo Branch Office who held a NASD Series 8 license.

27. Defendant denies the allegations of paragraph 27 of the complaint.

28. Defendant denies the allegations of paragraph 28 of the complaint.

29. Defendant denies the allegations of paragraph 29 of the complaint, except defendant admits that the majority of the Financial Advisors at the Largo Branch Office obtained their initial experience as Financial Advisors upon joining UBSFS.

30. Defendant denies the allegations of paragraph 30 of the complaint.

31. Defendant denies the allegations of paragraph 31 of the complaint, except defendant admits that it is normal for Financial Advisors to pay for certain promotional events that they undertake.

32. Defendant denies the allegations of paragraph 32 of the complaint.

33. Defendant denies the allegations of paragraph 33 of the complaint, except defendant admits that Coe Magruder announced that UBSFS was closing the Largo Branch Office effective June 2003. Defendant further admits that plaintiffs Crawford and Wintz were terminated

on or around the time of UBSFS' closing of the Largo Branch Office and that plaintiffs Barham and Spradley were transferred at their request to UBSFS' Washington, D.C. Branch Office.

34. Defendant denies the allegations of paragraph 34 of the complaint.

35. Defendant denies the allegations of paragraph 35 of the complaint.

36. Defendant denies the allegations of paragraph 36 of the complaint.

37. Defendant denies the allegations of paragraph 37 of the complaint.

38. Defendant denies the allegations of paragraph 38 of the complaint.

39. Defendant denies the allegations of paragraph 39 of the complaint.

40. Defendant denies the allegations of paragraph 40 of the complaint.

41. Defendant denies the allegations of paragraph 41 of the complaint.

42. Defendant denies the allegations of paragraph 42 of the complaint.

## COUNT I
## THE CIVIL RIGHTS ACT OF 1866
## 42 U.S.C. § 1981
## Michael Barham

43. Defendant incorporates by reference its answers to paragraphs 1-2 and 12 through 42.

44. Defendant denies the allegations of paragraph 44 of the complaint.

45. Defendant denies the allegations of paragraph 45 of the complaint.

46. Defendant denies the allegations of paragraph 46 of the complaint.

47. Defendant denies the allegations of paragraph 47 of the complaint.

48. Defendant denies the allegations of paragraph 48 of the complaint.

## COUNT II
## THE CIVIL RIGHTS ACT OF 1866
## 42 U.S.C. § 1981
## John Crawford

49. Defendant incorporates by reference its answers to paragraphs 1, 3 and 12 through 33.

50. Defendant denies the allegations of paragraph 50 of the complaint.

51. Defendant denies the allegations of paragraph 51 of the complaint.

52. Defendant denies the allegations of paragraph 52 of the complaint.

53. Defendant denies the allegations of paragraph 53 of the complaint.

54. Defendant denies the allegations of paragraph 54 of the complaint.

## COUNT III
## THE CIVIL RIGHTS ACT OF 1866
## 42 U.S.C. § 1981
## Freddie Moultrie

55. Defendant incorporates by reference its answers to paragraphs 1, 4 and 12 through 33.

56. Defendant denies the allegations of paragraph 56 of the complaint.

57. Defendant denies the allegations of paragraph 57 of the complaint.

58. Defendant denies the allegations of paragraph 58 of the complaint.

59. Defendant denies the allegations of paragraph 59 of the complaint.

## COUNT IV
## THE CIVIL RIGHTS ACT OF 1866
## 42 U.S.C. § 1981
## Monica Smith

60. Defendant incorporates by reference its answers to paragraphs 1, 5 and 12 through 33.

61. Defendant denies the allegations of paragraph 61 of the complaint.

62. Defendant denies the allegations of paragraph 62 of the complaint.

63. Defendant denies the allegations of paragraph 63 of the complaint.

64. Defendant denies the allegations of paragraph 64 of the complaint.

65. Defendant denies the allegations of paragraph 65 of the complaint.

**COUNT V**
**THE CIVIL RIGHTS ACT OF 1866**
**42 U.S.C. § 1981**
**Mark Spradley**

66. Defendant incorporates by reference its answers to paragraphs 1, 6 and 12 through 43.

67. Defendant admits the allegations of paragraph 67 of the complaint.

68. Defendant denies the allegations of paragraph 68 of the complaint.

69. Defendant denies the allegations of paragraph 69 of the complaint.

70. Defendant denies the allegations of paragraph 70 of the complaint.

71. Defendant denies the allegations of paragraph 71 of the complaint.

72. Defendant denies the allegations of paragraph 72 of the complaint.

73. Defendant denies the allegations of paragraph 73 of the complaint.

74. Defendant denies the allegations of paragraph 74 of the complaint.

**COUNT VI**
**THE CIVIL RIGHTS ACT OF 1866**
**42 U.S.C. § 1981**
**Paul Watkins**

75. Defendant incorporates by reference its answers to paragraphs 1, 7 and 12 through 33.

76. Defendant denies the allegations of paragraph 76 of the complaint.

77. Defendant denies the allegations of paragraph 77 of the complaint.

78. Defendant denies the allegations of paragraph 78 of the complaint.

79. Defendant denies the allegations of paragraph 79 of the complaint.

80. Defendant denies the allegations of paragraph 80 of the complaint.

## COUNT VII
## THE CIVIL RIGHTS ACT OF 1866
## 42 U.S.C. § 1981
## Sean Wintz

81. Defendant incorporates by reference its answers to paragraphs 1, 8 and 12 through 33.

82. Defendant denies the allegations of paragraph 82 of the complaint.

83. Defendant denies the allegations of paragraph 83 of the complaint.

84. Defendant denies the allegations of paragraph 84 of the complaint.

85. Defendant denies the allegations of paragraph 85 of the complaint.

86. Defendant denies the allegations of paragraph 86 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statue of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which punitive damages can be awarded.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, by their failure to mitigate their damages.

**FIFTH AFFIRMATIVE DEFENSE**

The Court should exercise its discretion in the interest of justice to transfer this case to the District of Maryland, where related litigation is currently proceeding.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that they are subject to mandatory arbitration.

**PRAYER FOR RELIEF**

With respect to plaintiffs' prayer for relief, defendant denies that plaintiffs are entitled to the relief requested, or any other relief, and respectfully requests that the Court:

1. dismiss this action with prejudice;

2. award defendant its costs and attorneys' fees; and

3. grant such other relief as the Court deems appropriate.

|  |  |
|---|---|
| Of Counsel: | /s/ Jeffrey G. Huvelle<br>Eric H. Holder, Jr. (*pro hac vice*)<br>Jeffrey G. Huvelle (No. 03340) |
| Claudia Cohen, Esq.<br>Executive Director and Senior Associate<br>  General Counsel<br>UBS Financial Services Inc.<br>1200 Harbor Boulevard<br>Weehawken, New Jersey 07086-6791 | Thomas S. Williamson, Jr. (No. 07695)<br>Covington & Burling<br>1201 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004-2401<br>(202) 662-6000 |
| Dated:  June 29, 2007 | Attorneys For Defendant<br>UBS Financial Services Inc. |